UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

| | |
|---|---|
| JOSEPH LOWENBIEN and ESTI RIEZES on behalf of themselves and all other similarly situated consumers,<br><br>     Plaintiffs,<br><br>   -against-<br><br>NPAS, Inc.,<br><br>     Defendant. | Case No. 1:16-cv-04277-DLI-RLM |

-------------------------------------------------------------- x

# DEFENDANT NPAS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR MORE DEFINITE STATEMENT

Dated: New York, New York
   December 12, 2016

Nicole Welch
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
(212) 492-2500

*Attorneys for Defendant*

Defendant NPAS, Inc. ("NPAS"), by and through counsel, and for its Memorandum of Law in Support of Its Motion for More Definite Statement pursuant to F.R.C.P. 12(e), states as follows:

## INTRODUCTION

Plaintiff Esti Riezes instituted this case against NPAS by filing a Complaint on August 1, 2016. (Docket #1). The Complaint consists of two counts, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA"), respectively, based on allegedly improper phone messages left for Ms. Riezes. On November 24, 2016, Plaintiff Riezes filed an Amended Complaint adding Plaintiff Joseph Lowenbien as a party. (Docket #7).

NPAS moves this Court for a more definite statement for two principal reasons. First, while Plaintiff Lowenbien was added as a party, there are no facts whatsoever with respect to how NPAS allegedly violated either the FDCPA or TCPA with respect to Plaintiff Lowenbien. Further, the Amended Complaint does not contain a single telephone number that NPAS was allegedly calling with respect to either Plaintiff. Without this fundamental information, NPAS is unable to identify any account information for either Plaintiff. Defendant is thus unable to substantively respond to the factual allegations in the Amended Complaint in good faith with respect to either of Plaintiffs' two counts. Counsel for NPAS has asked Plaintiffs' counsel for the telephone number(s) on two occasions, to no avail.

For these reasons, so that Defendant NPAS may have the basic information it needs to evaluate Plaintiffs' claims and develop its defenses, NPAS respectfully requests that the Court grant this Motion.

**ARGUMENT**

A party may make a motion for more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." Intimate Bookshop, Inc. v. Barnes & Noble, Inc., 88 F. Supp. 2d 133, 136 (S.D.N.Y. 2000) (citing Fed. R. Civ. P. 12(e)). NPAS recognizes that motions for a more definite statement are generally not favored. Wallett v. Anderson, 198 F.R.D. 20 (D. Conn. 2000). However, these motions have been granted in the Second Circuit where, based on a lack of detail in the complaint, a defendant cannot respond in good faith. See e.g. Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, at *12-13 (S.D.N.Y. Oct. 19, 2004).

Specifically, Rule 12(e) applies in the following circumstances:

> The pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed; in other words the pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss. <u>At the same time, the pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith</u> or without prejudice to himself.

Id. (emphasis added).

With respect to Plaintiff Lowenbien, the Amended Complaint does not identify a single detail with respect to when, for what account, or how frequently NPAS is alleged to have contacted him in supposed violation of the FDCPA and TCPA. As a result, NPAS lacks the information it needs to answer "in good faith" the factual allegations with respect to either count of the Amended Complaint. Likewise, and as to both Plaintiffs, the Amended Complaint lacks sufficient detail in the form of telephone information from which NPAS might locate a corresponding account in its system for either Plaintiff, so that NPAS can evaluate the claim. In short, NPAS lacks sufficient information to properly answer the Amended Complaint or develop its defenses.

This situation is similar to the one raised in Agilent Techs., Inc. v. Micromuse, Inc., 2004 U.S. Dist. LEXIS 20723, at *12-13 (S.D.N.Y. Oct. 19, 2004). In that case, the court granted Defendant's motion for a more definite statement because the complaint did not identify any of the allegedly infringing product or products that formed the basis for its patent infringement lawsuit. Defendant argued that without knowing which of its products or services were alleged to have infringed on Plaintiff's patents it could not respond to the complaint, and the court agreed. Id. The same is true here. NPAS has no information with respect to (1) whether Plaintiff Lowenbien had an alleged debt that NPAS was allegedly collecting, (2) whether and/or when NPAS placed a call to Plaintiff Lowenbien, or (3) whether and/or when Plaintiff Lowenbien ever contacted NPAS regarding his alleged debt.

With respect to Plaintiff Riezes, the Amended Complaint contains various factual allegations with respect to when, and under what circumstances NPAS allegedly contacted her. (See Amended Complaint, ¶s 14, 15, 16, 17, 18, 20). Specifically, the Amended Complaint alleges that NPAS made calls and sent letters to Plaintiff Riezes regarding Plaintiff Riezes' alleged delinquent medical debt. (Id., ¶14). Plaintiff Riezes alleges that she mailed a Cease and Desist letter to NPAS on or about July 10, 2015, and that NPAS failed to honor that Cease and Desist letter. (Id. ¶s 18 & 20). However, Plaintiff Riezes has failed to plead any facts which allow Defendant to identify the account at issues and, thereby, confirm or deny the allegations set forth in the Amended Complaint.

The Amended Complaint does not provide a single factual allegation with respect to Plaintiff Lowenbien. There is no allegation that Plaintiff Lowenbien allegedly owed a debt, failed to consent to being contacted about any debt, or subsequently withdrew any prior consent as was alleged with respect to Plaintiff Riezes. Despite the lack of any factual allegation with respect to Plaintiff Lowenbien, the Amended Complaint summarily asserts that NPAS violated the FDCPA and TCPA

4

with respect to Plaintiff Lowenbien. (Id., ¶s 30, 31, 70 & 80). There is literally no detail in the Amended Complaint that allows NPAS to determine how it allegedly violated the FDCPA or TCPA with respect to Plaintiff Lowenbien.

Because there was no detail in the Amended Complaint from which NPAS could evaluate what it was alleged to have done, NPAS attempted to locate account data for Plaintiffs by searching its system for Plaintiffs' names. That search returned no results. Therefore, NPAS' counsel contacted Plaintiffs' counsel twice asking for what number(s) NPAS allegedly called so that NPAS could search those numbers in its system. To date, NPAS has not received that information. Without this detail being pled in the Amended Complaint or provided informally, NPAS has no way to evaluate whether the allegations in the Amended Complaint are true or false. Without being able to make this determination, NPAS is unable to respond in good faith to the Amended Complaint with anything other than a denial based on insufficient information.

Based on these two defects with the Amended Complaint, NPAS respectfully requests that the Court order Plaintiffs to file a further amendment to their Amended Complaint (1) listing facts with respect to how, when, and under what circumstances NPAS allegedly contacted Plaintiff Lowenbien, and (2) providing the telephone numbers that NPAS is alleged to have called in violation of the TCPA and FDCPA. This information is necessary to enable NPAS to reasonably respond to the Amended Complaint in good faith under the Federal Rules of Civil Procedure.

WHEREFORE Defendant NPAS, Inc., respectfully requests that this Court grant its Motion for More Definite Statement, enter an Order directing Plaintiffs to, within fourteen (14) days, amend their Amended Complaint to provide facts with respect to how, when, and under what circumstances NPAS allegedly contacted Plaintiff Lowenbien, and provide all telephone numbers that NPAS is

alleged to have called, and for any additional relief this Court deems appropriate under the circumstances.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By: */s/ Nicole A. Welch*
        Nicole A. Welch
        1745 Broadway, 22nd Floor
        New York, New York 10019
        nicole.welch@ogletreedeakins.com

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December, 2016, I electronically filed the foregoing through the Court's CM/ECF system which will send notification to all parties registered to receive electronic notice.

  /s/ Nicole A. Welch
Nicole A. Welch