UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JOSEPH LOWENBIEN and ESTI RIEZES on :
behalf of themselves and all other similarly situated :
consumers, :
                        Plaintiffs, :
                                         : Case No. 1:16-cv-04277-DLI-RLM
                -against- :
NPAS, Inc., :
                       Defendant. :
                                         :
------------------------------------------------------------- x

## ANSWER OF DEFENDANT NPAS, INC. TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT

Defendant NPAS, Inc. ("NPAS"), by and through counsel, and for its Answer to Plaintiff's Second Amended Class Action Complaint (the "Complaint"), states as follows:

### *Introduction*

1. Paragraph 1 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies the same.

### *Parties*

2. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies the same.

3. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4. NPAS admits the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent a response is required, NPAS denies that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a(6).

6. NPAS denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it engaged in any acts described in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it engaged in any acts described in Paragraph 8 of the Complaint.

9. NPAS denies the allegations in Paragraph 9 of the Complaint.

10. NPAS denies the allegations in Paragraph 10 of the Complaint.

### *Jurisdiction and Venue*

11. NPAS admits the allegations in Paragraph 11 of the Complaint.

12. NPAS admits that venue is proper. NPAS denies all remaining allegations contained in Paragraph 12 of the Complaint.

### *Allegations Particular to Joseph Lowenbien and Esti Riezes*

13. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same.

18. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies the same. NPAS expressly denies ever receiving any letter as described in Paragraph 18 of the Complaint.

19. NPAS denies the allegations in Paragraph 19 of the Complaint.

20. NPAS denies the allegations contained in Paragraph 20 of the Complaint.

21. NPAS denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 27 of the Complaint.

28. NPAS denies the allegations contained in Paragraph 28 of the Complaint.

29. NPAS denies the allegations in Paragraph 29 of the Complaint.

30. NPAS denies the allegations contained in Paragraph 30 of the Complaint.

31. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies the same. NPAS also denies that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a(6).

33. NPAS denies the allegations in Paragraph 33 of the Complaint. NPAS also denies that it is a "debt collector" as that term is used and defined in 15 U.S.C. § 1692a(6).

34. NPAS denies the allegations contained in Paragraph 34 of the Complaint.

35. NPAS denies the allegations contained in Paragraph 35 of the Complaint.

36. NPAS denies the allegations contained in Paragraph 36 of the Complaint.

37. NPAS denies the allegations contained in Paragraph 37 of the Complaint.

38. NPAS denies the allegations contained in Paragraph 38 of the Complaint.

39. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore denies the same.

40. NPAS denies the allegations contained in Paragraph 40 of the Complaint.

41. NPAS denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 46 of the Complaint.

47. NPAS denies the allegations contained in Paragraph 47 of the Complaint.

48. NPAS denies the allegations contained in Paragraph 48 of the Complaint.

49. NPAS denies the allegations contained in Paragraph 49 of the Complaint.

50. NPAS denies the allegations contained in Paragraph 50 of the Complaint.

51. NPAS denies the allegations contained in Paragraph 51 of the Complaint.

52. NPAS denies the allegations contained in Paragraph 52 of the Complaint.

53. NPAS denies the allegations contained in Paragraph 53 of the Complaint.

54. NPAS denies the allegations contained in Paragraph 54 of the Complaint.

55. NPAS denies the allegations contained in Paragraph 55 of the Complaint.

56. NPAS denies the allegations contained in Paragraph 56 of the Complaint.

57. NPAS denies the allegations contained in Paragraph 57 of the Complaint.

58. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint, and therefore denies the same.

59. NPAS denies the allegations contained in Paragraph 59 of the Complaint.

60. NPAS denies the allegations contained in Paragraph 60 of the Complaint.

61. NPAS denies the allegations contained in Paragraph 61 of the Complaint.

62. NPAS denies the allegations contained in Paragraph 62 of the Complaint.

63. NPAS denies the allegations contained in Paragraph 63 of the Complaint.

64. NPAS denies the allegations contained in Paragraph 64 of the Complaint.

65. NPAS denies the allegations contained in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 66 of the Complaint.

67. NPAS denies the allegations in Paragraph 67 of the Complaint.

68. NPAS denies the allegations contained in Paragraph 68 of the Complaint.

## AS AND FOR A FIRST ALLEGED CAUSE OF ACTION

*Alleged Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against NPAS*

69. NPAS re-alleges and incorporates all previous answers as if fully set forth herein.

70. NPAS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore denies the same.

71. NPAS denies the allegations in Paragraph 71 of the Complaint.

72. NPAS denies the allegations in Paragraph 72 of the Complaint.

73. NPAS denies the allegations in Paragraph 73 of the Complaint.

74. NPAS denies the allegations in Paragraph 74 of the Complaint.

75. NPAS denies the allegations in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 76 of the Complaint.

*Alleged Violations of the Fair Debt Collection Practices Act*

77. NPAS denies the allegations in Paragraph 77 of the Complaint.

78. NPAS denies the allegations in Paragraph 78 of the Complaint.

WHEREFORE, Defendant NPAS, Inc., prays that this Court dismiss Plaintiffs' Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

**AS AND FOR A SECOND ALLEGED CAUSE OF ACTION**

*Alleged Violations of the Telephone Consumer Protection Act brought by Plaintiffs on behalf of themselves and the members of a class, as against NPAS*

79. NPAS re-alleges and incorporates all answers set forth in paragraphs 1-68 above as if fully set forth herein.

80. NPAS denies the allegations in Paragraph 80 of the Complaint.

81. NPAS denies the allegations in Paragraph 81 of the Complaint.

82. NPAS denies the allegations in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint states legal conclusions and legal arguments to which no response is required. To the extent that a response is required, NPAS denies that it acted improperly as implied in Paragraph 83 of the Complaint.

84. NPAS denies the allegations in Paragraph 84 of the Complaint.

85. NPAS denies the allegations in Paragraph 85 of the Complaint.

86. NPAS denies the allegations in Paragraph 86 of the Complaint.

87. NPAS denies the allegations in Paragraph 87 of the Complaint.

88. NPAS denies the allegations in Paragraph 88 of the Complaint.

89. NPAS denies the allegations in Paragraph 89 of the Complaint.

90. NPAS denies the allegations in Paragraph 90 of the Complaint.

91. NPAS denies the allegations in Paragraph 91 of the Complaint.

*Alleged Violations of the Telephone Communications Privacy Act*

92. NPAS denies the allegations in Paragraph 92 of the Complaint.

93. NPAS denies the allegations in Paragraph 93 of the Complaint.

WHEREFORE, Defendant NPAS, Inc., prays that this Court dismiss Plaintiffs' Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

A. All allegations set forth in the Complaint that have not been specifically admitted by NPAS are hereby denied.

B. Plaintiffs' Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual

support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.

C. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands.

D. NPAS asserts that any and all failures to comply with the requirements of the Federal Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") which may have occurred and about which Plaintiffs complain, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA, NPAS is not liable to Plaintiff.

E. NPAS states that Plaintiffs' action is not properly brought as a class action pursuant to Federal Rule of Civil Procedure 23 in that, among other things, Plaintiffs are not adequate class representatives, common questions of fact and law do not predominate, Plaintiffs' claims are not typical of the claims of the purported class, a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

F. NPAS states that Plaintiffs are not adequate class representatives, in part because they purport to represent a class of individuals that have improperly divided their single and unitary cause of action among multiple lawsuits.

G. NPAS asserts that Plaintiffs have not incurred any actual damages as a result of any alleged violation by NPAS of the FDCPA. Alternatively, NPAS asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiffs have failed to mitigate their damages, if any.

H. NPAS specifically relies on the cap contained in 15 U.S.C. § 1692(k) in that, "in the case of a class action, (i) such amount for each named plaintiff as could be recovered under a

subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one per centum of the net worth of the debt collector."

      I.      NPAS states that Plaintiffs have failed to plead allegations with required particularity, failed to plead damages with required specificity, and have sustained no actual damages.

      J.      NPAS asserts that it is not a "debt collector" and not subject to the requirements of the FDCPA.

      K.      NPAS states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions. On January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." In part, this Declaratory Ruling provided:

> "[A]utodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party, and, that the provision of a cell phone number to a creditor, *e.g.*, as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008). And, referring to an earlier Order entered in 1992, the FCC stated:

> "[P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

*Id.*

The phone number allegedly called by NPAS in attempting to collect Plaintiff's account was provided by the debtor-Plaintiff to the third-party creditor (the "Creditor") to which the subject debt (the "Debt") was due and owing. Thus, any calls made by NPAS to Plaintiff were made at the phone number that Plaintiff provided and that Plaintiff consented to be contacted at with respect to the Debt pursuant to the FCC's interpretation and guidance on the application of the TCPA. Accordingly, Plaintiffs' claims for violation of the TCPA must fail. Alternatively, Plaintiff, with her full knowledge and consent, provided the cellular telephone number to the Creditor as the contact number for the account under which the Debt was incurred.

L. NPAS states that Plaintiffs' claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of the FDCPA. The FDCPA was specifically enacted by Congress to regulate communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts. Therefore, imposing liability on NPAS under the TCPA for any communications made to Plaintiffs, and that were not telemarketing calls, violates the express intent and purpose of the TCPA.

M. NPAS states that to the extent that it has inadvertently violated the TCPA in connection with collection of the Debt owed by Plaintiff, such violation was accidental and unintentional.

N. NPAS states that Plaintiffs 'claim are barred, in whole or in part, by the doctrine of res judicata due to the final approved settlement in *Prater v. Medicredit*, which was pending in the United States District Court for the Eastern District of Missouri with cause number 4:14-cv-159.

O. NPAS presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available.

NPAS hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Plaintiffs' Complaint, with prejudice, for their costs incurred herein, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 17, 2017

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Nicole A. Welch*
  Nicole A. Welch
1745 Broadway, 22nd Floor
New York, New York 10019
212-492-2500
nicole.welch@ogletreedeakins.com

  Jamie N. Cotter (*pro hac vice*)
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
303-839-3826
jcotter@spencerfane.com

*Attorneys for Defendant NPAS, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of January, 2017, I electronically filed the foregoing through the Court's CM/ECF system which will send notification to all counsel of record.

                                              s/ *Nicole A. Welch*
                                              Nicole A. Welch

28355019.1

SL 2150026.1