UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ESTI RIEZES,

                           **Plaintiff,**                                    **ORDER**

                -against-                                        16-CV-4277 (DLI)

NPAS, INC.,

                           **Defendant.**
-------------------------------------------------------------x

An initial conference will be held in this case at 11:30 a.m. on February 9, 2017, before United States Magistrate Judge Roanne L. Mann, in Courtroom #13C-S, at 225 Cadman Plaza East, Brooklyn, New York. *Counsel for all parties (and any pro se parties) must appear in person*.

**PRIOR TO THE INITIAL CONFERENCE**

**Compliance with Rule 26(f).** Prior to the conference, the parties are to comply with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The parties shall meet at least five business days before the initial conference to discuss the matters specified in Fed. R. Civ. P. 26(f) and 16(b); counsel[1] shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) the scope of any anticipated protective order, including whether to address inadvertent disclosure of privileged information therein, pursuant to Rule 502 of the Federal Rules of Evidence.

---

[1] References to "counsel" in this Order apply equally to *pro se* parties, except that *pro se* parties are exempt from the Electronic Case Filing program.

**Questionnaire.**  After the parties meet pursuant to Rule 26(f), counsel shall complete the attached questionnaire.  No written report or discovery plan required by Rule 26(f) need be filed with the Court, but the completed questionnaire must be brought to the initial conference.

**Automatic Disclosures under Rule 26(a)(1).**  At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and comply with the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure. Additional discovery may commence prior to the initial conference.

**Confirmation of Initial Conference.**  Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.  In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed, or as soon as plaintiff's counsel learns the identity of defense counsel, whichever occurs first.  Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference, if an answer still has not been filed.

**Adjournments of Initial Conference.**  Requests for adjournments will not be considered unless made at least **forty-eight (48) hours** before the scheduled conference.

## DURING THE INITIAL CONFERENCE

At the initial conference, counsel shall be **fully prepared** to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for

trial, and settlement.  Counsel shall be prepared to stipulate to facts as to which there is no genuine dispute:  e.g., the time and place of events that are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

## GENERAL MATTERS

**Production of Documents and Privilege Logs.**  The parties are reminded of their responsibilities regarding the production of documents under Rule 34(b)(2)(E).  Should a party withhold documents on grounds of privilege, such party must provide a privilege log that sets forth the information required by Local Civil Rule 26.2(a)(2)(A).

**Electronic Case Filing.**  All cases have been assigned to the Court's Electronic Case Filing Program.  The parties shall file all future submissions electronically, except for parties appearing *pro se*, who are directed to file all correspondence and other submissions by first class mail, with a copy to counsel of record.  (*Pro se* parties with email addresses are, however, encouraged to sign up to receive submissions electronically.)  The parties are reminded of their obligation to comply with Rule 5.2 of the Federal Rules of Civil Procedure, which requires partial redactions of certain information, such as social security numbers and the names of minors.

**Counsel of Record.**  Only counsel who are registered for ECF and who have filed a notice of appearance will receive electronic notices that a document has been filed via ECF.  The parties are warned that they will bear the consequences if they do not receive electronic

notices due to counsel's failure to register for ECF. It is the responsibility of the parties to regularly monitor the status of their cases to avoid missing deadlines and court appearances, as well as to update the Court of any change in counsel or counsel's contact information.

**Individual Rules.** It is the responsibility of the parties to comply with the Individual Rules of the judges assigned to this case, including those relating to sealed documents, *pro se* parties, and courtesy copies. The rules of the undersigned magistrate judge are attached to this order.

SO ORDERED.

Dated: Brooklyn, New York
January 19, 2017

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Name:   <u>ESTI RIEZES v. NPAS, INC.</u>
Docket #:    <u>16-CV-4277 (DLI)</u>

# INITIAL CONFERENCE QUESTIONNAIRE

1. Have the parties exchanged the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)? ____

2. If additional interrogatories beyond the 25 permitted under Fed. R. Civ. P. 33(a) are needed, the maximum *additional* ones by:   plaintiff(s) ____   and defendant(s) ____

3. Maximum number of requests for admission by:   plaintiff(s) ____   and defendant(s) ____

4. Number of depositions by plaintiff(s) of:   parties ____   non-parties ____

5. Number of depositions by defendant(s) of:   parties ____   non-parties ____

6. Time limit per deposition (if more than 7 hours permitted by Fed. R. Civ. P. 30 (d)(1) is required): ____

7. Date for completion of factual discovery: ____

8. Number of expert witnesses of plaintiff(s): ____ medical ____ non-medical

    Date for expert disclosure, including report(s): ____

9. Number of expert witnesses of defendant(s): ____ medical ____ non-medical

    Date for expert disclosure, including report(s): ____

10. Dates for completion of expert depositions (if desired): ____

11. Time for amendment of the pleadings by plaintiff(s) ____ and by defendant(s) ____

12. Number of proposed additional parties to be joined by plaintiff(s) ____ and defendant(s) ____ and time for adding those parties: ____

13. Types of contemplated dispositive motions: ____

14. Dates for filing contemplated dispositive motions, or where applicable, requests for a premotion conference: ____

15. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference.

16. Do the parties consent[1] to trial before a magistrate judge pursuant to 28 U.S.C. § 636(d)? (Answer "no" if any party declines to consent, without indicating which party has declined.)
    Yes ____   No ____

---

[1] The fillable consent form A0 85 may be found at https://www.nyed.uscourts.gov/forms/all-forms/general_forms and may be filed electronically upon completion prior to the initial conference, or brought to the initial conference and presented to the Court for processing. Consenting does not affect a party's right to a jury trial.